Loyd J. Willaford, WSBA #42696
Sarah E. Derry, WSBA #47189
Cline & Casillas
520 Pike Street, Suite 1125
Seattle, WA 98101
Telephone: (206) 838-8770
Fax: (206) 838-8775
loydwillaford@clinelawfirm.com
sderry@clinelawfirm.com

The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

RAJ KUMAR,

          Plaintiff,

    v.

CONVENIENCE RETAILERS LLC,
d/b/a MY GOODS MARKET, a
Delaware corporation; and EAGLE
CANYON CAPITAL, LLC, a Delaware
corporation,

        Defendants

NO. 2:16-cv-00364-RSL

STIPULATED PROTECTIVE
ORDER

## 1.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

1  **2.    "CONFIDENTIAL" MATERIAL**

2        "Confidential" material shall include the following documents and tangible things

3  produced or otherwise exchanged:  The parties' medical files; personnel records for employees

4  of Defendants (e.g., payroll records, performance assessments, resumes, and applications).

5  **3.    SCOPE**

6        The protections conferred by this agreement cover not only confidential material (as

7  defined above), but also (1) any information copied or extracted from confidential material; (2)

8  all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

9  conversations, or presentations by parties or their counsel that might reveal confidential material.

10  However, the protections conferred by this agreement do not cover information that is in the

11  public domain or becomes part of the public domain through trial or otherwise.

12  **4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

13        4.1    Basic Principles.  A receiving party may use confidential material that is disclosed

14  or produced by another party or by a non-party in connection with this case only for prosecuting,

15  defending, or attempting to settle this litigation.  Confidential material may be disclosed only to

16  the categories of persons and under the conditions described in this agreement.  Confidential

17  material must be stored and maintained by a receiving party at a location and in a secure manner

18  that ensures that access is limited to the persons authorized under this agreement.

19        4.2    Disclosure of "CONFIDENTIAL" Information or Items.    Unless otherwise

20  ordered by the court or permitted in writing by the designating party, a receiving party may

21  disclose any confidential material only to:

22            (a)    the receiving party's counsel of record in this action, as well as employees

23  of counsel to whom it is reasonably necessary to disclose the information for this litigation;

24            (b)    the officers, directors, and employees (including in house counsel) of the

25  receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

STIPULATED PROTECTIVE ORDER - 2
Case No. 2:16-cv-00364-RSL

1  agree that a particular document or material produced is for Attorney's Eyes Only and is so
2  designated;

3          (c)     experts and consultants to whom disclosure is reasonably necessary for
4  this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
5  A);

6          (d)     the court, court personnel, and court reporters and their staff;

7          (e)     copy or imaging services retained by counsel to assist in the duplication
8  of confidential material, provided that counsel for the party retaining the copy or imaging service
9  instructs the service not to disclose any confidential material to third parties and to immediately
10 return all originals and copies of any confidential material;

11         (f)     during their depositions, witnesses in the action to whom disclosure is
12 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"
13 (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of
14 transcribed deposition testimony or exhibits to depositions that reveal confidential material must
15 be separately bound by the court reporter and may not be disclosed to anyone except as permitted
16 under this agreement;

17         (g)     the author or recipient of a document containing the information or a
18 custodian or other person who otherwise possessed or knew the information.

19     4.3     Filing Confidential Material.  Before filing confidential material or discussing or
20 referencing such material in court filings, the filing party shall confer with the designating party
21 to determine whether the designating party will remove the confidential designation, whether the
22 document can be redacted, or whether a motion to seal or stipulation and proposed order is
23 warranted.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the
24 standards that will be applied when a party seeks permission from the court to file material under
25 seal.

CLINE & CASILLAS
520 Pike Street, Suite 1125, Seattle, WA 98101
Phone: (206) 838-8770 / Fax: (206) 838-8775

1    **5.    DESIGNATING PROTECTED MATERIAL**

2         5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party

3    or non-party that designates information or items for protection under this agreement must take

4    care to limit any such designation to specific material that qualifies under the appropriate

5    standards. The designating party must designate for protection only those parts of material,

6    documents, items, or oral or written communications that qualify, so that other portions of the

7    material, documents, items, or communications for which protection is not warranted are not

8    swept unjustifiably within the ambit of this agreement.

9         Mass, indiscriminate, or routinized designations are prohibited. Designations that are

10   shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

11   unnecessarily encumber or delay the case development process or to impose unnecessary

12   expenses and burdens on other parties) expose the designating party to sanctions.

13        If it comes to a designating party's attention that information or items that it designated

14   for protection do not qualify for protection, the designating party must promptly notify all other

15   parties that it is withdrawing the mistaken designation.

16        5.2    Manner and Timing of Designations. Except as otherwise provided in this

17   agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

18   ordered, disclosure or discovery material that qualifies for protection under this agreement must

19   be clearly so designated before or when the material is disclosed or produced.

20             (a)    Information in documentary form: (e.g., paper or electronic documents

21   and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

22   proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that

23   contains confidential material. If only a portion or portions of the material on a page qualifies

24   for protection, the producing party also must clearly identify the protected portion(s) (e.g., by

25   making appropriate markings in the margins).

CLINE & CASILLAS
520 Pike Street, Suite 1125, Seattle, WA 98101
Phone: (206) 838-8770 / Fax: (206) 838-8775

1          (b)     Testimony given in deposition or in other pretrial ~~or trial~~ proceedings: the

2    parties must identify on the record, during the deposition, hearing, or other proceeding, all

3    protected testimony, without prejudice to their right to so designate other testimony after

4    reviewing the transcript.  Any party or non-party may, within fifteen days after receiving a

5    deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

6          (c)     Other tangible items: the producing party must affix in a prominent place

7    on the exterior of the container or containers in which the information or item is stored the word

8    "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection,

9    the producing party, to the extent practicable, shall identify the protected portion(s).

10   5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

11   designate qualified information or items does not, standing alone, waive the designating party's

12   right to secure protection under this agreement for such material.  Upon timely correction of a

13   designation, the receiving party must make reasonable efforts to ensure that the material is treated

14   in accordance with the provisions of this agreement.

15   **6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

16   6.1     Timing of Challenges.  Any party or non-party may challenge a designation of

17   confidentiality at any time.  Unless a prompt challenge to a designating party's confidentiality

18   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

19   burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

20   challenge a confidentiality designation by electing not to mount a challenge promptly after the

21   original designation is disclosed.

22   6.2     Meet and Confer.  The parties must make every attempt to resolve any dispute

23   regarding confidential designations without court involvement.    Any motion regarding

24   confidential designations or for a protective order must include a certification, in the motion or

25   in a declaration or affidavit, that the movant has engaged in a good faith meet and confer

conference with other affected parties in an effort to resolve the dispute without court action.

CLINE & CASILLAS
520 Pike Street, Suite 1125, Seattle, WA 98101
Phone: (206) 838-8770 / Fax: (206) 838-8775

1    The certification must list the date, manner, and participants to the conference.  A good faith

2    effort to confer requires a face-to-face meeting or a telephone conference.

3        6.3    <u>Judicial Intervention.</u>  If the parties cannot resolve a challenge without court

4    intervention, the designating party may file and serve a motion to retain confidentiality under

5    Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable).  The burden of

6    persuasion in any such motion shall be on the designating party.  Frivolous challenges, and those

7    made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on

8    other parties) may expose the challenging party to sanctions.  All parties shall continue to

9    maintain the material in question as confidential until the court rules on the challenge.

10   **7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

11
12       If a party is served with a subpoena or a court order issued in other litigation that compels

13   disclosure of any information or items designated in this action as "CONFIDENTIAL," that

14   party must:

15       (a)    promptly notify the designating party in writing and include a copy of the

16   subpoena or court order;

17       (b)    promptly notify in writing the party who caused the subpoena or order to issue in

18   the other litigation that some or all of the material covered by the subpoena or order is subject to

19   this agreement. Such notification shall include a copy of this agreement; and

20       (c)    cooperate with respect to all reasonable procedures sought to be pursued by the

21   designating party whose confidential material may be affected.

21   **8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

22
23       If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

24   material to any person or in any circumstance not authorized under this agreement, the receiving

25   party must immediately (a) notify in writing the designating party of the unauthorized

     disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material,

**CLINE & CASILLAS**
520 Pike Street, Suite 1125, Seattle, WA 98101
Phone: (206) 838-8770 / Fax: (206) 838-8775

1   (c) inform the person or persons to whom unauthorized disclosures were made of all the terms

2   of this agreement, and (d) request that such person or persons execute the "Acknowledgment and

3   Agreement to Be Bound" that is attached hereto as Exhibit A.

4   **9.    INADVERTENT    PRODUCTION    OF    PRIVILEGED    OR    OTHERWISE
        PROTECTED MATERIAL**

5

6       When a producing party gives notice to receiving parties that certain inadvertently

7   produced material is subject to a claim of privilege or other protection, the obligations of the

8   receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).   This

9   provision is not intended to modify whatever procedure may be established in an e-discovery

10  order or agreement that provides for production without prior privilege review.   Parties shall

11  confer on an appropriate non-waiver order under Fed. R. Evid. 502.

12  **10.    NON TERMINATION AND RETURN OF DOCUMENTS**

13      Within 60 days after the termination of this action, including all appeals, each receiving

14  party must return all confidential material to the producing party, including all copies, extracts

15  and summaries thereof.   Alternatively, the parties may agree upon appropriate methods of

16  destruction.

17      Notwithstanding this provision, counsel are entitled to retain one archival copy of all

18  documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

19  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

20  work product, even if such materials contain confidential material.

21      The confidentiality obligations imposed by this agreement shall remain in effect until a

22  designating party agrees otherwise in writing or a court orders otherwise.

23      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

24

25

**CLINE & CASILLAS**
**520 Pike Street, Suite 1125, Seattle, WA 98101**
**Phone: (206) 838-8770 / Fax: (206) 838-8775**

1   DATED this 25th day of May, 2017.

2                                          CLINE & CASILLAS

3                                          /s/ Loyd J. Willaford, via ECF
                                           Loyd J. Willaford, WSBA #42696
4                                          Sarah E. Derry, WSBA #47189
                                           Attorneys for Plaintiff Raj Kumar
5

6   DATED this 25th day of May, 2017.

7                                          SAVITT BRUCE & WILLEY LLP

8                                          /s/ Stephen C. Willey
                                           Stephen C. Willey, WSBA #24499
9                                          C.N. Coby Cohen, WSBA #30034
                                           Attorneys for Defendants Convenience
10                                         Retailers LLC, d/b/a My Goods Market
                                           and Eagle Canyon Capital, LLC
11

12

13  PURSUANT TO STIPULATION, IT IS SO ORDERED.

14
    DATED this __31st__ day of __May__, 2017.
15
                                           _MMt S Caswik_
16
                                           THE HONORABLE ROBERT S. LASNIK
17                                         United States District Judge

18

19

20

21

22

23

24

25

STIPULATED PROTECTIVE ORDER - 8
Case No. 2:16-cv-00364-RSL

                                           CLINE & CASILLAS
                                           520 Pike Street, Suite 1125, Seattle, WA 98101
                                           Phone: (206) 838-8770 / Fax: (206) 838-8775

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ [date] in the case of *Raj Kumar v. Convenience Retailers, et al.*, Docket No. 2:16-cv-00364-RSL. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER - 9
Case No. 2:16-cv-00364-RSL

CLINE & CASILLAS
520 Pike Street, Suite 1125, Seattle, WA 98101
Phone: (206) 838-8770 / Fax: (206) 838-8775