1
2
3
4
5
6          UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
7                 AT SEATTLE

8
RAJ KUMAR,                          )      No. C16-0364RSL
9                                   )
                    Plaintiff,      )
10          v.                      )      ORDER GRANTING IN PART
                                    )      DEFENDANT'S MOTIONS IN
11   CONVENIENCE RETAILERS LLC, et al.,  )   LIMINE
                                    )
12                  Defendants.     )
                                    )
13

14          This matter comes before the Court on the motions in limine filed by defendant

15   Convenience Retailers, LLC (n/k/a Eagle Canyon Capital, LLC, and d/b/a My Goods Market).

16   Dkt. # 25. Defendant seeks an order excluding certain evidence as irrelevant, untimely, and/or

17   inadmissible. Having reviewed the memoranda, declarations, and exhibits submitted by the

18   parties,[1] the Court finds as follows:

19          **(1) Economic Damages**

20          It is undisputed that Mr. Kumar has no economic damages arising from the termination of

21   his employment at My Goods Market. While he may be entitled to a verdict and nominal

22   damages on his discrimination claim, evidence regarding wages lost or earned is irrelevant.

23   Although plaintiff may testify regarding the emotional distress caused by having to search for a

24

25          [1] The issues raised can be decided on the papers submitted. Defendant's request for oral
26   argument is DENIED.

ORDER GRANTING IN PART
DEFENDANT'S MOTION IN LIMINE

1 new job, but he will not be permitted to introduce evidence about his wages or income.

2 **(2) Events in India**

3 Defendant seeks to exclude all testimony and evidence regarding the religious persecution

4 that plaintiff and his family suffered in India, arguing that such evidence is likely to confuse the

5 jury and cause undue prejudice to defendant. Evidence of this type is marginally relevant to

6 plaintiff's emotional distress claim in that it provides background information that helps to

7 explain why religious discrimination here in the United States would cause plaintiff a level of

8 distress that might otherwise seem unwarranted. The scope of the evidence will be limited,

9 however, to avoid undue prejudice. The Court will rule on objections to specific questions or

10 evidence when raised at trial.

11 **(3) Witnesses**

12 Plaintiff acknowledges that his wife, Shakti Prabha, and his physician, Dr. Shaiflai

13 Sharma, were not disclosed as a potential witness until his pretrial statement was served on

14 September 27, 2017. Discovery is now closed, and defendants have no opportunity to question

15 these witnesses or otherwise prepare to meet their testimony. The failure to disclose is neither

16 substantially justified nor harmless. Ms. Prabha and Dr. Sharma will not be permitted to testify at

17 trial.

18 **(4) Medical Record**

19 In his pretrial statement, plaintiff identified an August 2015 medical record in which Dr.

20 Sharma notes that plaintiff "seem[s] to have stress related to the job loss" that may be causing

21 insomnia and elevated blood sugar levels. Decl. of C.N. Coby Cohen (Dkt. # 26), Ex. 5. As

22 discussed above, Dr. Sharma will not testify at trial, and plaintiff cannot rely on the medical

23 record itself to prove the truth of the matters asserted therein. The document may, however, be

24 admissible if plaintiff's credibility is challenged and he uses the document to rebut an express or

25 implied charge that he recently fabricated his complaint of stress.

26

For all of the foregoing reasons, defendant's motions in limine are GRANTED in part and DENIED in part.

DATED this 27ᵗʰ day of October, 2017.

MUS Lasnik
Robert S. Lasnik
United States District Judge