UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAJ KUMAR,<br><br>                Plaintiff,<br>v.<br><br>CONVENIENCE RETAILERS,<br>LLC, et al.,<br><br>                Defendants. | CASE NO. C16-0364JLR<br><br>ORDER EXCLUDING DEFENDANT'S PROPOSED EXHIBITS 516 AND 517 |

Before the court is the parties' dispute over the admissibility of Defendant Convenience Retailers, LLC d/b/a My Goods Market's ("MGM") proposed exhibits 516 and 517.[1] (*See* Def. Letter (Dkt. # 40); Pl. Letter (Dkt. # 39).) Exhibits 516 and 517 are

---

[1] Plaintiff Raj Kumar indicates that the exhibits in question are 517 and 518. (*See* Pl. Letter (Dkt. # 39) at 1 n.1.) However, both the pretrial order filed by both parties and MGM's submission to this court refers to exhibits 516 and 517 as the disputed exhibits. (*See* Pretrial Order (Dkt. # 30) at 8; Def. Letter (Dkt. # 40) at 1.) Regardless of the labels, both parties seem to be discussing the same exhibits: the email chains that discuss Mr. Kumar's employment. (*Compare* Def. Letter, *with* Pl. Letter.) Thus, the court refers to the email correspondence regarding "Raj Kumar Team Member" as exhibits 516 and 517.

ORDER - 1

both copies of email correspondence between Mr. Raj Prasad, the MGM store manager, and Ms. Deb Denker, the MGM HR correspondent, about Plaintiff Raj Kumar's employment at MGM. (*See* Def. Letter, Attachments A-B.) Two handwritten notes by Mr. Kumar are attached to the emails. (*See id.*)

At bottom, Mr. Kumar urges the court to exclude these exhibits because they were not disclosed until October 12, 2017, "several months after the discovery cut-off, days after the deadline to file motions in limine, and less than a month before trial was scheduled to begin." (Pl. Letter at 1.) MGM does not dispute that these exhibits were untimely disclosed; indeed, it concedes that the exhibits were "inadvertently not produced during discovery as a result of internal misfiling at MGM." (Def. Letter at 1 n.2.) However, MGM insists that the late disclosure does not prejudice Mr. Kumar because the emails largely contain information that was previously provided or already known to Mr. Kumar. (*Id.* at 1-2.)

On October 27, 2017, the court excluded potential witnesses that Mr. Kumar inadvertently left off of the witness disclosure list and thus did not disclose until September 27, 2017. (10/27/2017 Order (Dkt. # 32) at 2; Resp. to Defs. Mot. in Limine (Dkt. # 27) at 4.) The court stated that because "[d]iscovery is now closed, and [MGM has] no opportunity to question these witnesses or otherwise prepare to meet their testimony," the late disclosure "is neither substantially justified nor harmless." (10/27/2017 Order at 2.)

The same is true for these exhibits, which were not disclosed until October 12, 2017. (*See* Pl. Letter at 1.) By the time Mr. Kumar was aware of these specific emails,

ORDER - 2

discovery had closed, and Mr. Kumar had no opportunity to depose the authors of the emails, conduct additional discovery related to the emails, or otherwise prepare for testimony about the emails. (*See id.* at 1-2; Sched. Order.) Thus, as was the case with the undisclosed witnesses, the failure to disclose these exhibits "is neither substantially justified nor harmless." (*See* 10/27/2017 Order at 2.) Accordingly, the court EXCLUDES exhibits 516 and 517 from introduction at trial.

Dated this 2nd day of November, 2017.

JAMES L. ROBART
United States District Judge